# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LESLIE HUMPHREY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA CORP., *et al.*, <br><br> Defendants. | 2:18-cv-01385-RFB-VCF <br> **ORDER** <br><br> MOTION TO STAY DISCOVERY [ECF NO. 25] |

Before the Court is Defendants', Bank of America Corp. and Bank of America, N.A., Motion to Stay Discovery pending resolution on Defendants' motion to dismiss. (ECF No. 25). For the reasons discussed below, Defendants' motion is granted.

## BACKGROUND

On June 20, 2018, Plaintiffs, Leslie Humphrey and Mary Joe Stoglin, filed a complaint in state court. (ECF No. 1-2). The complaint arises from a 2012 Settlement Agreement in which Leslie Humphrey and Mary Joe Stoglin agreed to pay Bank of American Corp. and Bank of America, N.A. $50,000 from their settlement with Ryland Homes. (*Id.* at 9-12). Plaintiffs now assert that Defendants misused the funds from the 2012 Settlement Agreement. (ECF No. 1-2). The complaint alleges (1) breach of contract, (2) breach of good faith and fair, (3) fraud in the inducement, (4) fraudulent concealment, (5) fraud and misrepresentation, and (6) intentional infliction of emotional distress. Defendants, Bank of America, N.A. ("BANA") and Bank of America, Corp. ("BAC"), removed the action to federal court on July 26, 2018. (ECF Nos. 1 and 3).

On July 31, 2018 Defendants filed a motion to dismiss the complaint. (ECF No. 6). Defendants argue that (1) Plaintiffs' have previously waived all alleged claims against Defendants relating to the loan

in a 2017 Settlement Agreement reached in another case, (2) Plaintiff's claims are barred by the Doctrine of Laches, and (3) some of Plaintiffs' claims are barred by Statute of Limitations. (*Id.* at 5-9).

On August 13, 2018, Plaintiffs' filed a motion for Summary Judgment, stating that because there are no material facts in dispute, the Court may enforce the 2012 Settlement Agreement. (ECF No. 11 at 9). On August 25, 2018, Defendants filed a motion to stay discovery pending resolution of Defendants' motion to dismiss. (ECF No. 25). Defendants asserts that the Motion to Dismiss (ECF No. 6) can be decided without additional discovery. (ECF No. 25 at 4). Plaintiffs filed no opposition.

**ANALYSIS**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). The moving party must show more than an apparently meritorious motion to establish good cause for a stay, and they carry the heavy burden of "making a strong showing why discovery should be denied." *Id.* at 502-503. However, whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).

Courts apply a two-part test when evaluating whether a stay of discovery should be granted. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600-603 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* Imposing a stay of discovery pending a motion to dismiss is permissible if the court is "convinced" that the plaintiff is unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Without prejudging the outcome of the motion to dismiss, the Court finds that there is a high likelihood that the complaint will be eliminated or at least significantly limited in scope when the pending

motion to dismiss is decided. There appears to be merit in several of Defendants' arguments against the Plaintiffs' claims. The Plaintiffs' signed a Settlement Agreement in 2017, and in exchange for a settlement payment by BANA, Plaintiffs "unconditionally and irrevocably" released and discharged BANA from all suits, claims, etc. relating to the loan. (ECF No. 6 at 4-7). The Plaintiffs agree that there are no material facts in dispute in their Motion for Summary Judgment. (ECF No. 11 at 9). After a preliminary peek and considering the goals of Federal Rule of Civil Procedure 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss and the motion for summary judgment demonstrate good cause to stay discovery.

Finally, pursuant to Nevada District Court Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. In this case, the Plaintiffs did not file a response to the motion to stay.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 25) is GRANTED. A status check is set for March 26, 2019.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 25th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE